# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JIMMIE M. WILLIAMSON,     )
                                  )
           Petitioner,     )
                                  )
      vs.                  )    Case No. 12-3218-CV-S-RED-P
                                  )
JEFF NORMAN, et al.,     )
                                  )
          Respondents.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, a convicted federal prisoner currently confined at the United States Penitentiary in Leavenworth, Kansas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his federal sentence in United States v. Williamson, 10-3010-01-CR-S-RED (W.D. Mo. Dec. 21, 2010), should run concurrently with state court sentences imposed by the Circuit Court of Christian County, Missouri,[1] and that the Federal Bureau of Prisons (FBOP) or this Court should retroactively designate the state prison as a place of imprisonment for purposes of his serving his federal sentence pursuant to 18 U.S.C. § 3621(b). Petitioner also claims that his federal sentence is tainted because his level of offense was increased due to pending state charges and because his defense attorney failed to make a record of the plea agreement, thereby leaving petitioner at the mercy of the government and the Court.

While petitioner was in state custody awaiting sentencing on state charges, he was indicted

---

[1] The Christian County, Missouri, charges result from petitioner being arrested by Missouri authorities first on December 1, 2009, on charges of domestic assault, two counts of unlawful possession of a weapon, and possession of drug paraphernalia with intent to use and later, on December 28, 2009, while petitioner was out on bond, from petitioner being arrested again by Missouri authorities on charges of conspiracy to commit murder, unlawful possession of a firearm, and receiving stolen property.

in this Court on February 2, 2010, for charges of possession of a firearm and ammunition by a convicted felon and unlawful user of a controlled substance, possession of explosives by a convicted felon and unlawful user of a controlled substance, possession of an unregistered firearm, and possession of an unregistered destructive device. Respondent's Response (Doc. No. 13), pp. 2-3. On February 9, 2010, the United States Marshals Service assumed temporary or secondary custody of petitioner from state authorities pursuant to a writ of habeas corpus ad prosequendum, and petitioner was sentenced on December 21, 2010, to three concurrent 120-month terms of imprisonment in the FBOP on the first three federal counts and one consecutive 31-month term of imprisonment on the fourth federal count. The federal judgment was silent with respect to petitioner's state charges, and petitioner was returned to state custody pursuant to the terms of the writ of habeas corpus ad prosequendum. Respondent's Response (Doc. No. 10), p. 3.

When the Circuit Court of Christian County, Missouri, subsequently sentenced petitioner to two terms of seven years imprisonment with the Missouri Department of Corrections (MDOC) on January 14, 2011, for domestic assault and conspiracy to commit murder, the state court ordered the state sentences to run concurrently with each other and with all currently existing sentences, including federal sentences. Respondent's Response (Doc. No. 10, pp. 3-4. Petitioner was released on parole from his state court sentences on April 27, 2012, into the custody of the United States Marshals Service. Respondent's Response (Doc. No. 10), p. 6. Although petitioner requested the FBOP to calculate his federal sentence to run concurrently with his state sentences as ordered by the state court, petitioner was informed by the Designation and Sentence Computation Center (DSCC) that his case was not appropriate for *nunc pro tunc* designation in a letter dated February 24, 2012 Doc. No. 10-1, Respondent's Exhibit 1, ¶ 8, Attachment C. That determination was based on a

2

review of the relevant factors listed in Section 3621(b) regarding the place to designate an inmate to serve his federal sentence, including the February 14, 2012, response from this Court to the DSCC that it was not the intent of this Court to have petitioner's federal sentence run concurrent with his state sentence. Doc. No. 10-1, Exhibit 1, ¶ 13, Attachment C at 3.

The FBOP has the discretion pursuant to Section 3621 to make a *nunc pro tunc* designation in order to make a federal sentence run concurrent with a later-imposed state sentence as petitioner herein requests. See Setser v. United States, ___U.S.___, 132 S.Ct. 1463 (2012). Respondent argues, however, that the FBOP's decision to deny petitioner's request was based on its review of the factors set forth in Section 3621(b), including petitioner's prior criminal history that included convictions for domestic assault and conspiracy to murder, as well as consideration of the sentencing court's response that it did not intend to run petitioner's federal sentence concurrent with his state sentence. Respondent's Response (Doc. No. 10), pp. 5-9. That decision is entitled to substantial deference under Section 3621 and Fegans v. United States, 506 F. 3d 1101 (8th Cir. 2007).

Although the FBOP must consider petitioner's request for concurrent service of his state and federal sentences, neither the FBOP nor this Court is bound by the state court's direction that the sentences run concurrently. See Fegans, 506 F. 3d at 1104; Program Statement 5160.05, Page 6 ("there is no obligation under Barden[v. Keohane, 921 F. 2d 476 (3d Cir. 1990),] for the [FBOP] to grant the request by designating a state institution retroactively as the place to serve the federal sentence.") Because the FBOP properly exercised its discretion to deny petitioner's request for *nunc pro tunc* designation, this Section 2241 petition for writ of habeas corpus will be denied as to petitioner's claim requesting such relief.

As to petitioner's additional claims that his federal sentence is "tainted" for various reasons,

3

"[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through [28 U.S.C.] § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004) (citations omitted). See also Hill v. Morrison, 349 F.3d 1089, 1091-92 (8th Cir. 2003). Petitioner has not demonstrated that a Section 2255 is inadequate or ineffective to test the legality of his detention. See United States v. Lurie, 207 F.3d 1075, 1077-78 (8th Cir. 2000) ( Section 2255 remedy is not inadequate or ineffective merely because petitioner allowed the one-year statute of limitations to expire). Because petitioner has failed to demonstrate that Section 2255 relief is inadequate or ineffective, petitioner cannot litigate the validity of his federal criminal convictions and sentences in a Section 2241 proceeding.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is denied, and this case is dismissed with prejudice as to petitioner's request for *nunc pro tunc* designation and without prejudice as to petitioner's additional claims.

 /s/ Richard E. Dorr
RICHARD E. DORR
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated:  November 5, 2012 .

4